UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. MALOUF,<br>    Plaintiff, | )<br>) Civil Action No. 10-11596-GAO<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA,<br>    Defendant. | )<br>)<br>) |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>) Civil Action No. 10-12006-GAO<br>) |
| v. | ) <u>CONSOLIDATED</u><br>) |
| JOHN R. MALOUF,<br>AMERICAN MORTGAGE NETWORK, INC.,<br>CITIZENS BANK OF MASSACHUSETTS, and<br>RBS CITIZENS, N.A.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

OPINION AND ORDER
September 28, 2012

O'TOOLE, D.J.

These consolidated cases arise from the government's attempts to collect income taxes and associated moneys from John Malouf. The government has moved for summary judgment to enforce its liens on Malouf's property and to dismiss the claims and counterclaims against it.

The government first argues that Malouf's suit against it must be dismissed. The United States, as a sovereign, is immune from suit unless it consents to be sued. United States v. Testan, 424 U.S. 392, 399 (1976). A plaintiff bringing suit has the burden of showing a waiver of sovereign immunity. See Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993); Baker v.

United States, 817 F.2d 560, 562 (9th Cir. 1987). In the present case, the plaintiff has failed to identify a waiver of sovereign immunity that would permit his suit.

A taxpayer under certain circumstances may bring an action against the government for damages under 26 U.S.C. § 7432 or § 7433. Both of those statutes, however, require that administrative remedies be exhausted before remedies are available. See 26 U.S.C. §§ 7432, 7433; see also 26 C.F.R. § 301.7433-1(d). Malouf has not alleged such administrative remedies have been exhausted and, in his opposition brief, does not dispute the government's assertions that he has not even filed an administrative claim.

Accordingly, Malouf's complaint in No. 10-11596-GAO must be DISMISSED.

The government also seeks dismissal of or, alternatively, summary judgment on JPMorgan Chase Bank's ("JPMCB") counterclaim of equitable subordination and subrogation.

JPMCB's position with regard to its claim has apparently shifted over time. In its pleadings, JPMCB asserted a counterclaim for "Equitable Subordination / Subrogation." (JPMCB's Am. Answer, Counterclaim, Cross-Claims 5 (dkt. no. 20).) In its opposition brief, JPMCB does not address its subordination claim but rather focuses on its subrogation claim, arguing that summary judgment is inappropriate because there is a factual dispute as to which lien on Malouf's property has priority, the government's or the bank's. At the hearing on the motion, JPMCB primarily argued that the government's judgment lien does not apply to after-acquired property. The Counterclaim alleges a claim of "Equitable Subordination / Subrogation." Specifically, JPMCB alleges that its predecessor in interest, American Mortgage Network ("AMN"), lent Malouf money and took a mortgage from him under circumstances that gave its claim against the mortgaged property a higher priority than the government's claim.

I conclude that the government's lien has priority, because I agree with the government as to two disputed propositions concerning the significance of its judgment lien, established by the recording of an Abstract of Judgment in November 2002. The first is that the delivery of the deed transferring the subject property from Malouf's trust to Malouf personally on November 21, 2005, vested the property in him as of that date. The later recording date is insignificant. The second proposition is that when Malouf accepted the reconveyance, the property became his and thus became subject to the judgment lien. AMN's, and therefore JPMCB's, mortgage lien only arose with the recording of the mortgage on December 5, 2005.

The statutory language creating judgment liens is broad. It provides that judgment liens cover "all real property of a judgment debtor." 28 U.S.C. § 3201(a) (emphasis added). This broad language encompasses a judgment debtor's after-acquired real property.

The surrounding statutory provisions support this interpretation. The statute on judgment liens nowhere bars their application to newly acquired property; the statute does, however, limit the liens' effectiveness in other ways. See 28 U.S.C. § 3201(c). Had Congress wished to limit judgment liens to current property alone, it could have included such a limitation with the other limitations it saw fit to include.

Case law further suggests that judgment liens should apply to after-acquired property. The Supreme Court determined that a *tax* lien applied to after-acquired property where the applicable statute impressed a lien upon "all property and rights to property, whether real or personal, belonging to" a tax delinquent. Glass City Bank v. United States, 326 U.S. 265, 267 (1945). The language of the statute here, which applies to "all real property," is similar to the language of the tax lien statute, and it is likely the Supreme Court would interpret it in the same way.

It also makes practical sense. A judgment lien is effective for twenty years unless satisfied and can be extended even further. 28 U.S.C. § 3201(c). The evident purpose of the long period is that a currently impecunious debtor may late acquire property which could be applied to reduce or eliminate the debt.

In sum, the statute, case law, and practical considerations all counsel that a judgment lien applies to judgment debtors' after-acquired property.

JPMCB argues that the government is wrong about the size of its tax lien on Malouf's property. JPMCB, however, lacks standing to dispute the tax liability of Malouf. "Generally, a third party lacks standing and 'is not entitled to contest the tax liability of another.'" Middlesex Sav. Bank v. Johnson, 777 F. Supp. 1024, 1029 (D. Mass. 1991) (citing In re Campbell, 761 F.2d 1181, 1185-86 (6th Cir. 1985).) "The fact that a party may bear the ultimate economic burden as a result of payment of a tax does not make that party the taxpayer or establish standing." Id.

The government's motion for judgment establishing the priority of its judgment lien over JPMCB's mortgage is GRANTED.

That does not mean, however, that JPMCB's interest in the property is necessarily extinguished. See 28 U.S.C. § 3201 ("A lien created under this paragraph is for the amount necessary to satisfy the judgment, including costs and interest."). That will depend on the proceeds of any levy against the property; it is conceivable, at least in the abstract, that the proceeds would be sufficient to satisfy the government's lien and leave some for JPMCB. The parties are directed to confer and submit a proposed form of judgment that reflects the rulings made herein within 14 days of the entry of this Opinion and Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Court